WARD, Judge.
Joanette Quinn was injured when the car in which she was a guest passenger collided with a vehicle driven by Viola Horton. Ms. Quinn sued United Services Automobile Association (USAA), the insurer of the vehicle in which Ms. Quinn was riding, and the driver of the other car, Ms. Horton.
Before trial, counsel for Quinn and USAA stipulated that the only triable issue was quantum and further stipulated that Quinn previously received $2,500.00 in general damages. At trial, Quinn was awarded an additional $7,500.00 in general dam *595 ages plus interest from the date of trial. Several days later, Quinn filed a “Motion for Additur or Alternatively a New Trial” alleging that the amount awarded was inadequate for a ten month soft tissue injury. The trial judge granted the motion for a new trial and recast his judgment awarding Quinn $12,500.00 less $2,890.00 for sums previously paid by USAA.
USAA appeals, alleging in their single assignment of error that the trial court abused its discretion in granting a new trial solely to increase Quinn’s award and alternatively that the trial judge improperly amended his original judgment. (Note: this trial was not heard by a jury.)
During a pretrial conference, Judge Fed-eroff mentioned that generally speaking, an award of $10,000.00 plus medicals would be appropriate for a soft tissue injury. USAA contends that Quinn attempts to bind the trial judge to his informal opinion given before trial. Several days after trial, Quinn filed a “Motion for Additur or Alternatively a New Trial,” which the trial court granted. The motion was followed shortly thereafter by the following memorandum filed by Quinn:
The Judge awarded $7,500.00 for a ten (10) month injury where the injured party still had complaints and had to sleep without pillows because of the effects of her injury.
In the settlement discussions, a figure of $10,000.00 plus medicals was mentioned as a [sic] meeting the Court’s criteria in soft tissue type injuries.
The Defendants had already tendered $2,500.
$7,500.00 as awarded by the Court plus the $2,500.00 would equal the $10,000.00 Court criteria.
$7,500.00 less $2,500.00 would equal a $5,000.00 award and would make this award $2,500.00 less than adequate. Claimant wanted to bring this to the Judge’s attention.
We have reviewed this memorandum and conclude that Quinn was asking for a clarification ' of the original judgment, not an increase of the award and therefore, the trial court did not grant a new trial solely to increase quantum as USAA claims, but merely granted the motion to clarify the previous judgment. It is possible that the trial court chose this course of action in order to avoid being in violation of C.C.P. art. 1814. The article refers to a reformation of a jury verdict, and as such may not be applicable in the present case where the trial was by judge.
Art. 1814 Remittitur or additur as alternative to new trial; reformation of verdict
If the trial court is of the opinion that the verdict is so excessive or inadequate that a new trial should be granted for that reason only, it may indicate to the party or his attorney within what time he may enter a remittitur or additur. This remit-titur or additur is to be entered only with the consent of the plaintiff or the defendant as the defense may be, as an alternative to a new trial, and is to be entered only if the issue of quantum is clearly and fairly separable from other issues in the case. If a remittitur or additur is entered, then the court shall reform the jury verdict or judgment in accordance therewith.
USAA further argues that the information in Quinn’s memorandum does not constitute new evidence. Therefore, if we rule the document is an amended judgment, we must rule the trial court erred because-the amendment constitutes an alteration in the substance of the judgment. As stated before, we do not believe the document is intended to change the judgment, but only to clarify it. This is clearly allowed under C.C.P. art. 1951: “A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) to correct errors of calculation.”
The document in question is worded as follows:
AMENDED JUDGMENT
The motion for new trial is granted and the judgment is recast as follows: Judgment is rendered in favor of Joan-ette Quinn and against United Service Automobile Association in the sum of $12,500.00 less a credit of $2,890.00 for *596 sums previously paid with interest from judicial demand and costs.
JUDGMENT READ, RENDERED AND SIGNED this 14th day of November 1989.
It should be noted that we are ruling that C.C.P. art. 1971 & 1973 are applicable in the present case only because it is apparent the trial court’s intention was to clarify the earlier award.
Art. 1971. Granting of new trial A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues. Art. 1973. Discretionary grounds A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.
We have not addressed the issue of whether it is proper for a trial judge (when there was no jury), to increase quantum by ordering a new trial. We find the factual situation in this case does not warrant addressing the matter.
For the foregoing reasons, the trial court’s award of $12,500.00 less a credit of $2,890.00 for sums previously paid with interest from judicial demand and costs' is affirmed.
AFFIRMED.